Cruz-Ferreyra v. Holder

BIA
Verrillo, IJ
A087 772 135

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of November, two thousand fourteen.

PRESENT:
>       ROBERT A. KATZMANN,
>   *Chief Judge,*
>       REENA RAGGI,
>       RICHARD C. WESLEY,
>   *Circuit Judges.*

_____

DANIEL ANDRES SANTA CRUZ-FERREYRA,
>   *Petitioner,*

   v.         13-879
               NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>   *Respondent.*

_____

FOR PETITIONER:   Ira E. Berliner, Berliner Law Offices, Port Chester, NY.

FOR RESPONDENT:   Stuart F. Delery, Assistant Attorney General; Anthony C. Payne, Senior Litigation Counsel; Jesse M. Bless, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Daniel Andres Santa Cruz-Ferreyra, a native and citizen of Peru, seeks review of a February 28, 2013, decision of the BIA affirming the May 18, 2011, decision of an Immigration Judge ("IJ"), which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Daniel Andres Santa Cruz-Ferreyra*, No. A087 772 135 (B.I.A. Feb. 28, 2013), *aff'g* No. A087 772 135 (Immig. Ct. Hartford May 18, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Cruz-Ferreyra asserted past persecution and a fear of future persecution because he was threatened by his superior officer after accusing that officer of corruption. Because

2

he does not challenge the agency's finding that the unfulfilled threats did not rise to the level of persecution, the only issue before us is whether his fear of future harm is objectively reasonable. The agency found that, although credible, Cruz-Ferreyra failed to establish an objectively reasonable well-founded fear of future persecution. To be objectively reasonable, a fear must have "solid support" in the record and be more than speculative. *Jian Xing Huang v. INS*, 421 F.3d 125, 128-29 (2d Cir. 2005) (per curiam).

The agency's determination in this case was supported by substantial evidence. First, the past threats against Cruz-Ferreyra did not rise to the level of persecution. *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006). Second, Cruz-Ferreyra's family has remained in Peru unharmed. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999). Finally, Cruz-Ferreyra failed to establish that the Peruvian government was unwilling or unable to protect him. He testified that he did not attempt to notify police or other government officials when he witnessed corruption. Although Cruz-Ferreyra stated that he believed reporting the corruption would be futile, the

3

country conditions evidence indicates that the government is working to combat corruption in the police force. *See Rizal v. Gonzales*, 442 F.3d 84, 92 (2d Cir. 2006) (reiterating that persecution is harm inflicted by a governmental actor or independent actors who the government is unwilling or unable to control). While Cruz-Ferreyra asserts that the agency applied an overly rigorous standard and that his testimony alone established his entitlement to relief, there is absolutely no support for his contention that credible testimony alone is sufficient as a matter of law to demonstrate entitlement to relief. 8 U.S.C. § 1158(b)(1)(B)(ii); *see Jian Hui Shao v. Mukasey*, 546 F.3d 138, 162 (2d Cir. 2008) (while "credible testimony was sufficient to demonstrate a genuine subjective fear of future persecution, more was needed to demonstrate the objective reasonableness of that fear"). Under these circumstances, the agency had substantial evidence to support its finding that Cruz-Ferreyra failed to establish a well-founded fear of persecution. *See Jian Xing Huang*, 421 F.3d at 129; *Melgar de Torres*, 191 F.3d at 313.

Cruz-Ferreyra has abandoned any challenge to the BIA's denial of withholding of removal and CAT relief by failing

4

to sufficiently address those forms of relief in his brief to this Court. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1 (2d Cir. 2005). Even if raised, such a challenge would necessarily fail for the reasons given above. *See Lecaj v. Holder*, 616 F.3d 111, 119 (2d Cir. 2010) ("Withholding of removal and CAT relief entail a greater likelihood of future persecution than that required for the grant of asylum.").

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk